[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPLICATION FOR PREJUDGMENT REMEDY
Before the court is the plaintiff's application for prejudgment remedy. The plaintiff, Anton Chinniah, is seeking an attachment of a condominium at which the defendant, Sandra Garcia, resides.
In the underlying action, commenced by writ, summons and complaint on July 14, 2000, the plaintiff seeks a transfer of the condominium title from the defendant to the plaintiff based on equitable principles. At its core, the parties' dispute is as to who between them is the owner of the condominium. The defendant has filed a counterclaim seeking damages for intentional infliction of emotional distress.
The plaintiff filed his application for prejudgment remedy on November 21, 2000, and the court held a hearing on January 8, 2001. At the hearing, the plaintiff testified that although he placed the condominium in the defendant's name, and the defendant holds record title to it, the plaintiff paid for the condominium. The plaintiff further testified that an understanding existed between the plaintiff and the defendant that the defendant would reside in the condominium only until such time as their relationship ended or the plaintiff himself needed to reside there. The plaintiff testified, also, that the defendant, at some point after the execution of the original deed, executed a quitclaim deed in favor of the plaintiff. That quitclaim deed was never recorded, and has since disappeared; with only a copy remaining. The defendant did not testify, but did stipulate through counsel that she signed a quitclaim deed which CT Page 1830-bg the plaintiff destroyed and then gifted the condominium to her.
The court finds that the plaintiff has demonstrated that there is probable cause that he will prevail on the issue of ownership. Nonetheless, the defendant has filed a counterclaim seeking damages for intentional infliction of emotional distress. Because the plaintiff testified at the prejudgment remedy hearing that he and the plaintiff engaged in a physical confrontation, the court cannot say with certainty that no damages will be awarded on the defendant's counterclaim. Therefore, the court is unable to order an attachment of the property to secure the sum of $300,000. In order to maintain the status quo, the court orders the defendant not to alienate or to any extent encumber title to the condominium and not to dispose of any of its contents until such time as this matter is fully resolved on the merits.
SKOLNICK, J.